*Shapiro v. City of New York*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand sixteen.

PRESENT:  JOSÉ A. CABRANES,
              CHESTER J. STRAUB,
              RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*

---

JEFFREY T. SHAPIRO,

      *Plaintiff-Appellant*,

          v.                            No. 15-2360

CITY OF NEW YORK, ROY A. ESNARD,

      *Defendants-Appellees*,

JOHN DOE, SAID NAMES BEING FICTITIOUS, THE PERSONS INTENDED BEING THOSE WHO AIDED AND ABETTED THE UNLAWFUL CONDUCT OF THE NAMED DEFENDANTS, JANE DOE, SAID NAMES BEING FICTITIOUS, THE PERSONS INTENDED BEING THOSE WHO AIDED AND ABETTED THE UNLAWFUL CONDUCT OF THE NAMED DEFENDANTS,

      *Defendants.*

---

**FOR PLAINTIFF-APPELLANT:**    WILLIAM W. COWLES (Samuel O. Maduegbuna, *on the brief*), Maduegbuna Cooper LLP, New York, NY.

**FOR DEFENDANTS-APPELLEES:**    MICHAEL PASTOR, Assistant Corporation Counsel (Fay Ng, of counsel, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a July 1, 2015 judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Jeffrey T. Shapiro ("Shapiro"), an attorney in the Office of Legal Affairs ("OLA") in the Human Resources Administration ("HRA") of defendant-appellee the City of New York (the "City"), sued the City and defendant-appellee Roy A. Esnard ("Esnard"), HRA's general counsel, alleging that Esnard demoted him and then refused to promote him to his previous position because Shapiro is a 60-year-old Orthodox Jew, and that these actions constituted race, religious, and age discrimination, in violation of 42 U.S.C. §§ 1981 and 1983, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.* Defendants-appellees moved for summary judgment on all claims, which the District Court granted. *See Shapiro v. City of New York*, No. 13-CV-8647 (DLC), 2015 WL 4002437 (S.D.N.Y. July 1, 2015). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"[W]e review *de novo* a [district court's] grant of summary judgment under Rule 56 [of the Federal Rules of Civil Procedure], construing all evidence in the light most favorable to the non-moving party." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015). "Summary judgment is required where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Rodriguez v. Vill. Green Realty, Inc.*, 788 F.3d 31, 39 (2d Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). Applying this standard, we affirm, substantially for the reasons stated by the District Court in its thorough decision.

Shapiro's federal and NYSHRL claims are governed by the burden-shifting framework set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973). *See Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015) ("The . . . § 1981 . . . and NYSHRL discrimination claims are governed at the summary judgment stage by . . . *McDonnell Douglas* . . . ."). Under this framework, "[a] plaintiff must establish a prima facie case; the employer must offer through the introduction of admissible evidence a legitimate non-discriminatory reason for the [adverse employment action]; and the plaintiff must then produce evidence and carry the burden of

persuasion that the proffered reason is a pretext." *Cortes v. MTA N.Y.C. Transit*, 802 F.3d 226, 231 (2d Cir. 2015) (internal quotation marks omitted). While it is true that "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, *may* permit the trier of fact to conclude that the employer unlawfully discriminated . . . [,] such a showing by the plaintiff will [not] *always* be adequate to sustain a jury's finding of liability." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000) (first emphasis supplied). Indeed, "there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory." *Id.*

Assuming arguendo that Shapiro has in fact established a prima facie case and set forth sufficient evidence to reject defendants-appellees' explanation, the record makes clear that this is one such instance. In the following paragraphs, we address only the most significant of Shapiro's many meritless arguments to the contrary.

Shapiro seems to believe that one of the strongest pieces of evidence suggesting that Esnard discriminated against him on the basis of his race and religion is that his "demotion to a non-managerial position was initiated shortly after litigation brought by [Orthodox] Jewish groups against HRA and defended by Esnard" resulted in a preliminary injunction and class certification. Pl.'s Br. 25. In other words, "a jury could infer . . . that Esnard targeted Shapiro" because he "los[t] a big legal battle to Orthodox Jewish organizations a few weeks before." *Id.* at 26.

But this argument is "[m]ere speculation and conjecture," and therefore "insufficient to preclude the granting of summary judgment." *Davis v. Bombardier Transp. Holdings (USA) Inc.*, 794 F.3d 266, 269 n.5 (2d Cir. 2015) (alterations and internal quotation marks omitted). As the District Court correctly found, there is insufficient evidence to suggest "that Esnard was involved in any extraordinary way in the litigation alleged to have motivated his discriminatory action," or that he was "interested in this litigation beyond the interest [the] General Counsel [of HRA] would show in any case." *Shapiro*, 2015 WL 4002437, at *6.[1]

What is more, we are not convinced that, even if there were sufficient evidence to suggest that Esnard was extraordinarily involved or interested in the litigation, it would move Shapiro's argument beyond the realm of impermissible supposition. It is well established that "[a] lawyer's representation of a client . . . does not constitute an endorsement of the client's political, economic, social or moral views or activities." Model Rules of Prof'l Conduct R. 1.2(b). It follows from this

[1] Shapiro argues that the District Court erred in ruling "that an HRA newsletter mentioning the case's importance to Esnard was privileged." Pl.'s Br. 26. Having reviewed the newsletter *in camera*, we conclude that the District Court did not abuse its discretion in ruling that it was inadmissible. *See Schaeffler v. United States*, 806 F.3d 34, 43 (2d Cir. 2015) ("We review the district court's ruling on a work-product claim for abuse of discretion."). Further, even if the newsletter had been admitted, it would not affect the outcome of this appeal in any way.

sound proposition that we should not ascribe racial or religious animus to a lawyer simply because he appears on the other side of a case from a group purporting to represent the interests of a protected class.

Shapiro also argues that the District Court "mistakenly concluded that [he] could not raise an inference of discrimination based on the disparate treatment in comparison to his younger and non-Jewish supervisor," Edward LeMelle ("LeMelle"). Pl.'s Br. 18. "A showing of disparate treatment— that is, a showing that the employer treated plaintiff less favorably than a similarly situated employee outside his protected group—is a recognized method of raising an inference of discrimination . . . ." *Ruiz v. Cty. of Rockland*, 609 F.3d 486, 493 (2d Cir. 2010) (internal quotation marks omitted). Importantly, however, "[a] plaintiff relying on disparate treatment evidence must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself." *Raspardo v. Carlone*, 770 F.3d 97, 126 (2d Cir. 2014) (internal quotation marks omitted). This means that a plaintiff must show that he and his co-employee were "(1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct." *Ruiz*, 609 F.3d at 493-94 (internal quotation marks omitted). For at least two reasons, Shapiro has failed to make that showing with respect to LeMelle.

First, because LeMelle himself was Shapiro's supervisor, they necessarily "had different supervisors," which indicates that they were not subject to the same performance evaluation and discipline standards. *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000). Second, and perhaps even more importantly, Shapiro and LeMelle did not engage in comparable conduct. According to Shapiro, one of the principal reasons he was given for his demotion was his failure to "forc[e] the senior attorneys to open their office doors." Pl.'s Br. 20-21. Yet LeMelle, who "was responsible for the . . . same [senior] attorneys," also "ignor[ed] the alleged office door issue," but "was not disciplined." *Id.* at 21. Shapiro, of course, ignores that he was given a number of other reasons for his demotion that he does not even claim applied to LeMelle. *See, e.g., id.* at 10 (management style); *id.* at 11 (failure to finalize a memorandum); A-323 ("The other thing was about the senior attorneys being undisciplined, discipline problems, and low work productivity, and one of them got into a shouting match with a guard."). As such, Shapiro and LeMelle were not similarly situated. *See Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 568 (2d Cir. 2000) (holding that the plaintiff was not similarly situated to certain of her co-employees because the plaintiff had "engaged in a physical fight," while her co-employees' "behavior . . . involved words only").

Finally, we consider Shapiro's argument that the District Court "failed to independently analyze [his] age, race and religious practice claims under" the NYCHRL, Pl.'s Br. 56. This is factually incorrect. The District Court specifically noted that "the NYCHRL embodies a somewhat looser standard" than that applicable to Shapiro's federal and NYSHRL claims, but then held that "[c]onsider[ation] [of] the totality of the circumstances and the overall context in which the

4

challenged conduct occur[red] cannot make the admissible evidence Shapiro actually adduce[d] any less threadbare." *Shapiro*, 2015 WL 4002437, at *10 (internal quotation marks omitted). We agree.

## CONCLUSION

We have considered all of Shapiro's arguments and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's July 1, 2015 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk